**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION**

**CASE NO:** 1:14-cv-22142-KMM

HOUSING OPPORTUNITIES PROJECT
FOR EXCELLENCE, INC., PAMELA CARTER,
CARLOS QUINONES, VANESSA CANO,
BERTHENIA MANNINGS, individually and as parent
of K.M., GRACIELA CISNEROS, and JULIAN
MITCHELL

       Plaintiffs

vs.

MIAMI PROPERTY GROUP, LTD., CHARTER
REALTY GROUP, INC., and PAULETTE
GOPAUL

       Defendants
_____/

<u>**RESPONSE TO DEFENDANT'S MOTION TO DISMISS**</u>

COMES NOW, the Plaintiffs, HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC., PAMELA CARTER, CARLOS QUINONES, VANESSA CANO BERTHENIA MANNINGS, individually and as parent of K.M., GRACIELA CISNEROS, and JULIAN MITCHELL, by and through its undersigned counsel and hereby RESPONDS to Defendant, Combined Motion to Dismiss, and states as follows:

On July 3, 2014, Judge McAliley ordered that Defendants respond to the complaint, served on June 23, 2014, on or before August 19, 2014. This was following a scheduling hearing on a motion for preliminary injunction and an unsuccessful mediation where nothing was resolved, the Defendant files a response on a motion to dismiss that claims a scrivener's error where each count reincorporated the prior allegations rendered the entire detailed complaint insufficient and that Ms.

Carter's claim – that she suffered a personal injury as a result of not having grab bars as required by the Fair Housing Act, should be severed as a matter of judicial discretion.  In recognition of the threadbare nature of these defenses, counsel added a section stating "Not for the Purpose of Delay", requesting a clarification of the allegations asserted.  This a forty-six page complaint with 195 separate allegations, which attachments that spell out the policies and procedures at issue.  There is no question that the Defendants are able to respond to this complaint and admit or deny the allegations as stated therein.

## I.      Scrivener's error

Clearly, it was a scrivener's error to incorporate prior counts into each count, and each count identified the claims with sufficient clarity as to who the claims had been asserted against.  However, the Defendant is not complaining about incorporating other counts, but instead, states that Defendants are unable to file a responsive pleading because the factual allegations of all plaintiffs are incorporated into each count of a multi count complaint.

*Apparently, what the Defendants demand is that for each count, the plaintiffs specifically enumerate exactly which allegation specifically apply to which count in a multi count complaint.*  This type of specificity is not required under Rule 8.  As Defendant states, "General notice pleading is all that is required for a valid complaint." Motion, p. 3.  The Defendant is able to understand the complaint to the extent that the parties were able to have a mediation on a preliminary injunction, able to have a hearing before Judge McAliley on July 3rd regarding the substance of the allegations and policies in the motion.

For example, the Defendants complain that it cannot discern between the claims and allegations regarding  Ms. Carter and those that do not involve Ms. Carter.  All allegations specifically regarding Ms. Cater is clearly described under a section entitled "Facts Related to

Specific Plaintiffs- Pamela Carter"  Further, count VI specifically state the facts establishing such claims in ¶ 179 and 180 within such count.

The defining characteristic of a shotgun complaint is that it fails "to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading." <u>Beckwith v. Bellsouth Telecomms., Inc</u>., 146 F. App'x 368, 371 (11th Cir. 2005).  In <u>Beckwith</u>, the Court stated:

> It is virtually impossible to ascertain what factual allegations correspond with each claim and which claim is directed at which defendant. We do not require the district court, or the defendants, to "sift through the facts presented and decide for itself which were material to the particular cause of action asserted<u>." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp</u>., 305 F.3d 1293, 1296 n.9 (11th Cir. 2002) (citations omitted).

<u>Beckwith</u>., 146 F. App'x 368, 372 (11th Cir. 2005).  While claims that incorporate reference the allegations of its predecessor counts, may lead to a situation where one is unable to discern what occurred in the complaint -- that is clearly not the case in this matter.   See e.g.  <u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp</u>., 305 F.3d 1293, 1295 (11th Cir. 2002)("We have read Count IV - including all that it incorporates by reference - several times; yet, we must confess that we are at a loss to explain what allegedly transpired between and among SIF, its Members, Jung, ETJ, and LIT with respect to the securities the Members pledged as collateral. One reason is the omission of several material facts in Count IV; another is that the drafter of the pleading chose to write several critical paragraphs in the passive, rather than the active, voice leading to unnecessary confusion and obfuscation.")

## II.    Ms. Carter's Personal Injury Claims involve the same core of facts as her civil rights claims

This court may exercise supplemental jurisdiction over any claims which arise they arose out of same set of operative facts

> Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 USCS § 1367;  Under United Mine Workers v. Gibbs, a district court has the power to hear a pendant state law claim when that claim and the claim over which the court has original jurisdiction "derive from a common nucleus of operative fact," and are so closely related  that the plaintiff "would ordinarily be expected to try all of them in one judicial proceeding." United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138 (1966); see Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988); Soliday v. Miami County, Ohio, 55 F.3d 1158, 1165 (6th Cir. 1995).  It is common for civil rights claims to contain corresponding tort claims.  See McDowell v. Brown, 392 F.3d 1283, 1287 (11th Cir. 2004)( Plainitff sued defendants under 42 U.S.C. § 1983 for violation of his Eighth Amendment rights and asserted state-law medical negligence claims)

In this case, Ms. Carter's injuries and personal injury action contain a common nucleus of operative facts directly related to the violation of her rights under the Fair Housing Act.  In fact, the Defendants had a duty in law to comply with Ms. Carter's request for a reasonable accommodation, the accommodation itself was for Ms. Carter's health and safety, and the Defendants failed in their duty and thus caused Ms. Carter severe injury.

In this matter, Ms. Carter, through Plaintiff HOPE, requested an accommodation for her obvious disability for a grab bar in her bathroom.  Complaint ¶ 51.  Ms. Carter needed the grab bars for their expected design -  to assist her in getting on and off the toilet.  Despite promises to do so, Defendant failed to install the grab bars.  Complaint ¶ 52-55, 58-62.  In fact, one of the

alleged reasons for the purported delay was that Defendants wanted to put in a safer grab bar because of Ms. Carter's obesity.  ¶61.  So instead of doing something, the Defendants continued to do nothing, and Ms. Carter suffered a fall and injury.  ¶ 68.  Out of this operative nucleus of fact, the Defendants failed to provide a required reasonable accommodation under the Fair Housing Act ¶ 161, 164, 166, 168.  Further, only under the Fair Housing Act does a HUD subsidized provider is required to pay for and install such modifications.  ¶ 166.  Based upon this failure of their duty, and their knowledge of the risks, the Defendants are liable with regards to common law negligence as well.  For each claim, there may be different defenses, and that is why there needs to be both. Notwithstanding, it cannot be said that the claim does not arise out of the dame nucleus of operative facts.

### III.    Purpose of Delay.

There is no good cause for filing this motion, other than to meet the deadline set by the Court.  Indeed, the Plaintiffs believe that this is just a prelude to a Motion to Dismiss that contains substantive legal arguments asserted to the Department of Housing and Urban Development that should be brought under a motion to dismiss under Rule 12(b)(6), which, will necessitate further delay.  There is nothing in this complaint that could not have been admitted, denied, or claimed that they were without knowledge, or asserted an affirmative defenses.

In addition to this Court's inherent powers, several federal provisions provide possible avenues for imposing sanctions upon errant attorneys who vexaciously delay during the course of litigation. 28 U.S.C. §  1927, provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

There is no confusion in this complaint.  It clearly spells out the issues that each plaintiff has with the Defendants, the issues that HOPE, Inc., has with the unlawful policies, practices and procedures, and the relief available for each cause of action.  Ms. Carter's claims are clearly in the same nucleus of operative facts.

WHEREFORE, the Plaintiffs, HOUSING OPPORTUNITIES PROJECT FOR EXCELLENCE, INC., PAMELA CARTER, CARLOS QUINONES, VANESSA CANO BERTHENIA MANNINGS, individually and as parent of K.M., GRACIELA CISNEROS, and JULIAN MITCHELL, respectfully requests that this Court Deny Combined Defendants Motion to Dismiss and grant such further relief as this court deems just and equitable.

Respectfully submitted this 8th  day of September, 2014.

HOPE, INC. v. MIAMI PROPERTY GROUP, LTD.
CASE NO.: 1:14-cv-22142-KMM
Page 7 of 7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 8, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of electronic filing to:  Leslie Langbein, Esq., LANGBEIN & LANGBEIN, P.A., 8181 NW 154th Street, Suite 105, Miami Lakes, FL 33016.

Disability Independence Group, Inc.
2990 Southwest 35th Avenue
Miami, Florida 33133
T: 305-669-2822
F: 305-442-4181
Email: MDietz@justDIGit.org

By:     /s/ Matthew W. Dietz
         Matthew W. Dietz, Esq.
         Florida Bar No.: 0084905
         Rachel L. Goldstein, Esq.
         Florida Bar No.: 0095973