UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-22142-CIV-MOORE/MCALILEY

HOUSING OPPORTUNITIES
PROJECT FOR EXCELLENCE, INC.,
et al.

        Plaintiffs,

v.

MIAMI PROPERTY GROUP, LTD., et al.

        Defendants.
_____/

## ORDER GRANTING MOTION TO COMPEL

Pending before the Court is Plaintiffs' Motion to Compel Initial Disclosures. [DE 65]. Plaintiffs ask the Court to compel Defendants to provide an unredacted copy of Defendants' insurance policy, pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv).[1] Defendants have provided Plaintiffs a copy of the insurance policy, but have redacted from the declarations page the premium amount and the list of other properties covered by the policy. [DE 72, ¶ 1, DE 74].[2] Defendants argue that this

---

[1] The Plaintiff moves to compel production of the insurance policy under Rule 26(a)(1(D). This appears to be an error.

[2] Plaintiffs assert in their reply that they did not receive the entire policy, but provide no basis for their assumption that the policy is otherwise incomplete, except that "18 pages is far from a complete insurance policy." [DE 73, ¶ 4]. The Court has reviewed the policy, and can see no indication that Defendant has withheld anything other than the premium amount and schedule of

1

information is irrelevant to the issues in this action. [DE 72, p. 2].

Defendants' position is not unreasonable. It may well be that the information redacted by Defendants is irrelevant to any issue in this action; Defendants however have provided me with no authority to support their redactions. The plain language of Rule 26(a)(1)(A)(iv) requires a party to provide for inspection and copying "any insurance agreement under which an insurance business may be liable for all or part of a possible judgment," not just the portions of the insurance agreement deemed relevant. Based on the foregoing, the Court ORDERS that:

Plaintiffs' Motion to Compel Initial Disclosures [DE 65], is **GRANTED**. **No later than November 21, 2014**, Defendants shall produce the complete insurance policy.[3]

DONE AND ORDERED in chambers at Miami, Florida this 18th day of November, 2014.

*/s/ Chris McAliley*
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

Copies to:
The Honorable K. Michael Moore
Counsel of Record

---

other insured properties.

[3] In the course of making their arguments, both counsel engage in unnecessary and disparaging commentary about each other and their supposed motivations. This unpleasant and unprofessional behavior has come to characterize this litigation, and casts all counsel and parties in a negative light. I urge Mr. Dietz and Ms. Langbein to confine their advocacy to the merits of this litigation.

2